UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELODIA G. CANTU, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-10-CV-0363 FB |
| UNITED STATES MARSHALS SERVICE, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING *IN FORMA PAUPERIS* APPLICATION

The matter before the court is plaintiff Elodia Cantu's application to proceed in forma pauperis (IFP).[1] A comparison of Cantu's financial resources with her monthly expenses indicates that Cantu has sufficient financial resources to pay the filing fee. While Cantu need not establish that she is totally destitute before she may be granted leave to proceed IFP, Cantu has the resources to pay the $350.00 filing fee to initiate this action. For this reason, Cantu is not entitled to proceed IFP.

In addition, it is likely Cantu's complaint fails to state a claim upon which relief may be granted. Cantu seeks to sue a federal governmental entity, but her proposed complaint does not reflect that she has satisfied the prerequisite to filing a claim in federal court.[2] Unless Cantu first presents her claim to the appropriate federal agency, the district court lacks jurisdiction over the

---

[1] Docket entry # 1.

[2] "Title 28 U.S.C. s 2675(a) establishes that as a prerequisite to maintaining a suit against the United States under 28 U.S.C. § 1346(b) a plaintiff must present notice of his or her claim to the appropriate federal agency." *Adams v. United States*, 615 F.2d 284, 286 (5th Cir. 1980).

claim.[3]

It is therefore **ORDERED** that:

1. Cantu's application for leave to proceed IFP (docket entry # 1) is **DENIED**.

2. On or before 30 days from date of this order, Cantu shall pay the $350.00 filing fee in this cause.

3. If Cantu wishes to appeal from my denial of her application for leave to proceed IFP, she must appeal to the district court within 10 days of the date of this order.

4. If Cantu fails to either pay the $350.00 filing fee or file an appeal within the time frames set forth above, the district court will issue an order dismissing this cause without prejudice.

**SIGNED** on May 14, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[3] "Under the [Federal Tort Claims Act (FTCA)], a plaintiff must give notice of his claim to the appropriate federal agency. Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. A claimant gives proper notice within the meaning of [the Act] only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. No particular method of giving notice is required. The usual method, however, is by filing a Form 95 with the agency." *Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992). Form 95 is available on the U.S. Department of Justice website.